### COMPTON v. ROBERT PATTERSON.

1. A new note was taken for a smaller sum in compromise of the amount due on an old note, and the old note was surrendered.   *Held*, that the new note was payment and that the old debt was extinguished.
2. If homestead be set off to a debtor, his creditor, holding a debt antedating the homestead law, has a plain and adequate legal remedy by levy and sale, and therefore cannot resort to a proceeding in equity to vacate the homestead proceedings.

116          COMPTON *v.* ROBERT PATTERSON.

Before NORTON, J., Laurens, September, 1887.

This was an action on a sealed note for $82.71, given in compromise of a larger amount then past due on a prior sealed note. The opinion fully states the case.

*Messrs. Ferguson & Featherstone,* for appellant.

*Messrs. Ball & Watts,* contra.

February 18, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. It appears that some time in 1859 or 1860 the respondent gave his note to appellant for $100. In March, 1875, this note being unpaid, respondent agreed that if appellant would reduce the amount, he would pay it in the fall. Appellant assented to this, whereupon the amount was reduced to $82.71, for which sum respondent executed his note payable one day after date to appellant or bearer, and the old note was delivered to respondent. This last note was reduced to judgment in 1885, in the sum of $128.13. In the meantime, and before suit was brought on said note, to wit, in 1877, the respondent claimed a homestead against an execution issued out of a trial justice's court, when the land described in the complaint was assigned him. The return of the appraisers, with a plat of the land set off, was filed in the clerk's office March 29, 1877.

The object of the action below was to make this land liable to appellant's judgment herein, the appellant contending that the note herein sued to judgment was but a renewal of the note given in 1859 or 1860, against which a homestead could not be claimed, as it antedated the constitution of 1868. He therefore demanded judgment, that all proceedings in connection with the assignment of said homestead to respondent be adjudged illegal and void, and as in no wise affecting plaintiff's judgment; and further, that the land be sold, the proceeds to be applied, or so much thereof as may be necessary, to plaintiff's judgment, the balance after payment of costs, &c., to the respondent. The defendant, respondent, answered, claiming that the note sued on was a new contract, and could not affect the homestead previously adjudicated to him.

All issues of law and fact were referred to the master, who reported, sustaining appellant's view of the case, having overruled an oral demurrer of respondent, interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action.   On hearing this report, with exceptions, his honor, Judge Norton, overruled the report, and dismissed the complaint with costs in a short order simply announcing the result without stating the grounds thereof.   We suppose, however, from appellant's exceptions, that his honor must have held, first, that the note of appellant, reduced to judgment in 1885, was taken in payment of the old note, which latter note was thereby extinguished, and the note of 1885, having been taken since the constitution of 1868, the judgment obtained thereon could not affect the claim of homestead; and, second, even if this was not the case, then the appellant had a plain and adequate remedy at law on his judgment, and in that view the complaint did not state facts constituting a cause of action of equitable cognizance.

The first question is a mixed question of fact and law—the question of fact being whether the note of 1885 was intended as substitution or satisfaction of the note of 1859.   The master found it was substitution, and the judge that it was in satisfaction.   The question is one of intention, which must be reached by the facts, the intention being dependent upon the proper inference to be drawn from said facts.   The testimony is very meagre, only one witness, the appellant, having been examined as to the transactions in reference to the notes.   He, however, states two facts, about which there is no dispute, and which it seems to us are significant when considered together, and which sustains the conclusion of the judge.   These are, that the old note was reduced from $100 to $82.71, and that the old note was then delivered to respondent.   By the reduction, both parties must have understood, and intended, that at least so much of the old note as was taken off was given up and extinguished, because it was upon the agreement, in substance, that this should be done that the new note was executed, and that much being certainly regarded as extinguished, and the old note delivered up, we think with the Circuit Judge that the fair inference must be that the new note was in satisfaction of the old, and that the only claim which plain-

tiff had after this transaction upon the defendant was through and by said new note. This being so, then there would be no doubt but that his honor applied the proper principle of law, which is the second question above referred to.

If, however, there be doubt as to the conclusion above, we ask, has the appellant a cause of action for his equity proceeding? which is the next question in the case. He claims that he has a judgment based upon a debt contracted before the constitution of 1868, and, therefore, not subject to a homestead exemption; that notwithstanding this, the respondent has had set off to him a homestead in the lands mentioned, and he comes into court on its equity side and prays judgment that said homestead proceedings shall be declared invalid and void. Admitting plaintiff's allegation to be true, where is the inadequacy of his legal remedies? There is no such thing as a homestead as against a debt antedating the constitution of 1868. And though it may be set off as to other subsequent debts, yet this in no way affects the former debt, or the right of such creditor to enforce collection by sale of such homestead, if necessary. If the appellant be correct as to the character of his judgment, he does not need the order of the Court of Equity to enforce its execution. He has his remedy without this, and it is not necessary that the homestead proceedings complained of should be declared illegal and null and void, as demanded, in order that he might apply that remedy.

Besides, said proceedings were not illegal. The homestead was set off therein against a debt which did not bind it, and the respondent had the right to have it set off, at least as to said debt and all others contracted since 1868. But this did not bar the appellant, if his debt was, as he alleges, anterior to 1868. As to that, it was a nullity, and is not in the way of appellant. So that, even if our conclusion upon the facts had been that the note of 1885 was intended as a substitution for the old note, instead of extinguishment and satisfaction, we think his honor was correct in dismissing the complaint for the want of a sufficient cause of action to sustain the equity proceeding below.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.